MANSFIELD SHELLEY v. WILLIAM W. CHAPIN, JUDGE OF THE RECORDER'S COURT OF THE CITY OF DETROIT.

JURORS—DISQUALIFICATION OF BY REASON OF SERVICE IN COURTS OF RECORD OF WAYNE COUNTY WITHIN THREE YEARS—IN WHAT COURTS MUST SERVICE HAVE BEEN RENDERED.

Relator applied for *mandamus* to compel the respondent to vacate an order made November 16, 1896, discharging relator from service as a juror in respondent's court, on the ground of his disqualification to so serve by reason of having served as a member of the panel

of traverse jurors in the United States circuit court for the Eastern District of Michigan during the months of March and April, 1896. An order to show cause was granted, a hearing had on petition and answer, and on December 18, 1896, the application was denied.

*George F. Robison*, for relator, contended:

1. That there was no disqualification of persons to serve as jurors in this State on account of previous service until by Act No. 129, Laws of 1867, it was enacted "that no person shall be qualified to or become one of a panel of jurors in any circuit court or court of record in Wayne county who, within one year prior thereto, has been or acted as a member of a panel of jurors summoned on the original panel or added thereto as talesman in the same court;" that by Act No. 48, Laws of 1869 (How. Stat. § 7582) this act was amended so as to except from its operation justices of the peace of Wayne county; that in the same year (How. Stat. § 7584) it was made "a good cause of challenge to any juror in any court of record in this State, in addition to the other causes of challenge allowed by law, that such person has served as a juror upon the regular panel, or as talesman in such court, at any time within one year previous to such challenge," thus extending the disqualification to all the courts of the State; that by Act No. 204, Laws of 1893, section 5, the act relative to Wayne county was further amended so as to extend the time for disqualification to three years in the language of the 1895 act hereinafter quoted, and by providing in addition to "that no person shall be qualified," etc., "that no person shall be returned or shall be qualified," etc.

That the law as it now stands (Act No. 5, Laws of 1895, sec. 5) is as follows:

"No person shall be returned or shall be qualified to be or become one of a panel of petit or grand jurors in any court of record in Wayne county who, within three years prior thereto, has been or acted as a member of a panel of petit or grand jurors, whether summoned on the original panel or added thereto as talesmen, in a court of record, except as otherwise provided in section 21, and it shall be the duty of each of said courts on the return day of the venire to inquire of the jurors summoned if any of them have served as jurors during the preceding three years, and to excuse from service any jurors who have so served."

That in Wayne county the courts of record having juries are the circuit court and recorder's court of the city of Detroit, whose terms are respectively three and two months in duration; that a professional juror might, under the provisions of the law as it existed prior to 1893, obtain five months service each year upon a jury in Wayne county; that by the act of 1893 the time of disqualification was extended to three years, and instead of being limited to the "same court" it was made to extend to "a court of record," meaning either the circuit or recorder's court; that the amendment of 1893 was directed to the jury commission of Wayne county, as it provided "that no person shall be returned," etc, which words were wanting in the previous acts.

2. That the provisions of the existing act were not intended to apply to courts over which the State has no jurisdiction; that jurors in the United States court are selected by the clerk and a commissioner to be appointed by the judge to the number of 300, as far as practicable in the same manner as jurors are selected in the highest state courts, respectively; citing U. S. Revised Statutes, 800; that they are selected from the district at large, which, in all cases, covers a large extent of territory, and such a thing as "professional jurors" in the U. S. courts is unknown; that if it had been intended that this disqualification should extend to those persons who had served as jurors in the U. S. courts, the provision prohibiting the jury commissioners of Wayne county from returning as jurors all persons who had served as jurors during the preceding 3 years, would be inoperative for the reason that it is impossible for such commissioners to know who have served as jurors in the U. S. courts, the record in their office being confined to those persons drawn and who served as jurors in the courts of record of Wayne county.

The facts as established by the petition and answer were:

*a*—That the name of relator was duly returned by the board of jury commissioners for Wayne county in a list of persons to serve as petit jurors in the recorder's court of the city of Detroit for the year beginning on the fourth Monday of May, 1896.

*b*—That relator's name was duly drawn from the jury box, and he was summoned to serve as a petit juror in said recorder's court for the November, 1896, term thereof; that in obedience to said summons he appeared in said court on November 16,

1896; that on being orally examined by respondent as to his qualifications to serve as a juror, he was found to possess all the qualifications of jurors in said court, but in answer to the question of respondent whether or not relator had within three years prior thereto been or acted as a member of a panel of petit or grand jurors, relator stated that during the months of March and April, 1896, he had served as a member of the panel of traverse jurors in the United States circuit court for the Eastern District of Michigan; that thereupon said respondent excused relator from service as such juror on the ground that his service in the federal court disqualified him under the statute from serving as juror in respondent's court.